FILED

2015 APR -1 PM 2:59

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | 3:15 CR 132 |
| | ) | |
| v. | ) | |
| | ) | CASE NO. _____ |
| JAMIE KNAPP, | ) | 18 U.S.C. § 1030(a)(2)(C) |
| | ) | 42 U.S.C. § 1320d-6(a)(2) |
| Defendant. | ) | |
| | ) | JUDGE HELMICK |
| | ) | |
| | ) | MAG. JUDGE JAMES R. KNEPP II |

GENERAL ALLEGATIONS

The Grand Jury charges:

1. At all times material to this Indictment:

   A. The "Hospital" was a hospital system in the Toledo, Ohio area operating as a health care provider, as defined by Title 42, United States Code, Section 1320d(3) and Title 45, Code of Federal Regulations, Section 160.103.

   B. The Hospital treated patients residing throughout the United States and abroad. Patients receiving treatment at the Hospital provided their personal identification and

ORIGINAL

health information, including name, date of birth, social security number, medical history, prescriptions and medications, to the Hospital on or before the date of treatment or admission to the Hospital. The Hospital used computers and computer systems to store and exchange this patient medical information electronically.

   C. The Hospital was a covered entity, as described in the HIPAA (Health Insurance Portability and Accountability Act) privacy regulation, Title 42, United States Code, Section 1320d-9(b)(3). The patient records maintained on the Hospital's computers and computer systems contained "individually identifiable health information" and "protected health information," as defined by Title 42, United States Code, Section 1320d(6) and Title 45, Code of Federal Regulations, Section 160.103.

   D. The Hospital employed Defendant JAMIE KNAPP as a respiratory therapist. In her capacity as a respiratory therapist, KNAPP was authorized to access individually identifiable health information and protected health information of certain respiratory patients. KNAPP was not authorized to access the individually identifiable health information and protected health information of other Hospital patients.

## COUNT 1

(Obtaining Individually Identifiable Health Information)

The Grand Jury further charges:

2. The allegations contained in paragraphs 1.A through 1.D are re-alleged and incorporated by reference herein.

3. From on or about May 10, 2013 to on or about March 25, 2014, in the Northern District of Ohio, Western Division, Defendant JAMIE KNAPP, knowingly and without authorization, and for a reason other than those permitted by Title 42, United States Code,

Chapter 7, Subchapter XI, Part C (provisions of HIPAA), obtained individually identifiable health information relating to an individual; to wit, electronic medical records, which were maintained by the Hospital and contained individually identifiable health information of approximately 596 patients at the Hospital, all in violation of Title 42, United States Code, Section 1320d-6(a)(2) and (b)(1).

## COUNT 2

(Unauthorized Access of a Protected Computer)

The Grand Jury further charges:

4. The allegations contained in paragraphs 1 through 3 are re-alleged and incorporated by reference herein.

5. From on or about May 10, 2013 to on or about March 25, 2014, in the Northern District of Ohio, Western Division, Defendant JAMIE KNAPP, intentionally accessed a protected computer, used in or affecting interstate commerce or communication, without authorization, and thereby obtained information from the protected computer, in furtherance of criminal and tortious acts in violation of the laws of the United States, to wit: Defendant JAMIE KNAPP intentionally accessed, and attempted to access, confidential personal identification information of approximately 596 Hospital patients, all in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(ii).

A TRUE BILL.

Original document − Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.