IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**          Case No. 3:15 CR 132

    Plaintiff,

    v.          Magistrate Judge James R. Knepp, II

**JAMIE KNAPP,**

    Defendant.          MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte*, for reconsideration of the Court's Memorandum Opinion and Order entered on June 15, 2016 (Doc. 28), pertaining to the government's Motion in Limine (Doc. 25). An "off the record" telephone pretrial conference was conducted, following issuance of the aforementioned Order, on June 15, 2016, at the request of Assistant United States Attorneys Noah Hood and Michael Freeman, with Defense counsel David Goldstein also participating. During that call, counsel for the government ostensibly sought "clarification" of the Court's ruling pertaining to the excluded evidence, but, in candor, renewed their arguments in support of this evidence. However, no new arguments were advanced in support of the admission of the evidence, over and above those previously made during the pretrial conference on June 14, 2016, which was conducted on the record.

       The portion of the Order which has caused the Court significant consternation is its preliminarily ruling precluding the government from introducing circumstantial evidence that, at the time of the alleged criminal conduct, Defendant may have been an IV drug user. At the time it issued the ruling, the Court was of the mind that proving the crime charged in this case—obtaining individually identifiable health information for a purpose other than that permitted by HIPAA—required the government to merely prove the lack of a permitted purpose. Thus,

Defendant's motive would be irrelevant, or at least tenuous enough to be subject to limitation at a fairly low threshold under Rule 403.[1]

The Court's initial reaction to evidence of Defendant's alleged drug use, namely the non-sterile needles and syringe, and the tourniquet (not tied to any particular items taken from the hospital), and her refusal to submit to a drug test as condition of continued employment, was so tenuous that it amounted to mere character evidence. In other words, the probative value of the evidence tending to show that Defendant abused drugs, as opposed to evidence of any particular conduct at the hospital, was substantially outweighed by its unfairly prejudicial effect under Rule 403.

Upon further reflection, however, the Court is persuaded that evidence of drug abuse, contemporaneous with the alleged unauthorized access, could be admissible under Rule 404(b)(2). The government should be permitted to prove or refute any alleged *actual* motivation for Defendant's purported conduct. Moreover, although circumstantial evidence of drug abuse is prejudicial to Defendant, this may well be precisely the type of evidence contemplated by Rule 404(b)(2). As such, given its probative value as tending to show motive as well as its other permissible uses under Rule 404(b)(2), the Court simply cannot support its prior conclusion that the probative value is *substantially* outweighed by the danger of unfair prejudice.

Thus, the Court reverses and revises its preliminary ruling in response to the government's Motion in Limine. The Court intends to allow the government to introduce the evidence of alleged drug paraphernalia ostensibly discovered in Defendant's personal belongings and vehicle at the hospital and of her refusal to submit to a drug test as a condition of continued

---

1. The Court reiterates its rejection of the government's contention that evidence tending to show that Defendant is an IV drug user is intrinsic to proving she accessed protected patient information without authorization. However, the government sought, in the alternative, to offer this evidence under Rule 404(b)(2).

employment. If such evidence is admitted, the jury will receive, contemporaneously and in the Court's final instructions to the jury, a limiting instruction to the effect that such evidence is being presented and may be considered by them, if at all, solely to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident for the alleged unauthorized access.

The Court has previously ordered the submission of a joint proposed limiting instruction.

IT IS SO ORDERED.

s/James R. Knepp, II<br>United States Magistrate Judge